Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50471 | **DATE** | 1/5/2004 |
| **CASE TITLE** | Miller vs. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies petitioner's section 2255 motion and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 0 6 2004 | 7 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. ✓ | 1-6-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

George Miller, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, raising the following issues: (1) that his trial counsel was ineffective for failing to argue that his 1992 felony conviction was not a prior conviction under 18 U.S.C. § 921(a)(20); (2) that 18 U.S.C. § 922(g) violates the Tenth Amendment; and (3) that section 922(g) violates the Ninth Amendment because he has a right to bear arms under the Illinois Constitution that cannot be infringed by federal law.

Claim 1 is meritless because Miller had two other prior convictions, either of which would have supported his conviction under section 922(g). See United States v. Dahler, 143 F. 3d 1084 (7th Cir. 1998). Additionally, defendant did not have all his civil rights restored as to his 1992 conviction and, thus, it could provide the proper basis for his conviction under section 922(g). See United States v. Rutledge, 22 F. Supp. 2d 871, 882 (C.D. Ill. 1998), aff'd on other grounds, 230 F. 3d 1041 (7th Cir. 2000). Because there was no proper basis to challenge his conviction on this ground, trial counsel was not ineffective for failing to do so, and claim 1 is therefore denied.

Claim 2, the challenge to Miller's conviction under the Tenth Amendment, is waived as he failed to raise it in either the trial court or on direct appeal. See United States v. Roehl, 977 F. 2d 375, 379 (7th Cir. 1992). Nor has Miller asserted ineffective assistance of counsel as an excuse for the waiver. Even if he had, there is no Tenth Amendment violation, see Gillespie v. City of Indianapolis, 185 F. 3d 693, 704-07 (7th Cir. 1999), and, therefore, he suffered no prejudice sufficient to support an ineffectiveness of counsel claim, see Roehl, 977 F. 2d at 379.

As for Miller's alleged violation of the Ninth Amendment in claim 3, that is also waived because it was not raised in the trial court or on appeal. As to the merits, the Seventh Circuit has rejected a similar argument. Quilici v. Village of Morton Grove, 695 F. 2d 261, 271 (7th Cir. 1981)(holding that the Ninth Amendment is not violated by a gun control ordinance because the Supreme Court has never held that any specific right, including the right to bear arms, is protected by the Ninth Amendment). Applying the rationale of Quilici to this case, Miller has not demonstrated a violation of the Ninth Amendment.

For the foregoing reasons, the court denies all of Miller's claims in his section 2255 motion and dismisses this cause in its entirety.